### SEEBER *v.* AMERICAN MINING & MILLING CO.

*(Supreme Court, General Term, Second Department.*  July 18, 1890.)

MASTER AND SERVANT—COMPENSATION.

Plaintiff asked $5 per day to work for defendant, and was told that the company could not pay that "now," but would give $75 per month, "and after 3 or 4 months

then the company could pay wages." Plaintiff worked on that basis about a year, when his salary was raised to $100 a month which he accepted without objection. *Held*, that defendant was not liable to pay a greater sum.

Appeal from circuit court, Kings county.

Action by Horatio G. Seeber against the American Mining & Milling Company, to recover compensation for services rendered defendant on an alleged contract for $150 a month. A nonsuit was ordered, the exceptions to be heard in the first instance at general term.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thos. J. Ritch, Jr.*, for plaintiff. *Andrew Dutcher*, for defendant.

BARNARD, P. J. The facts proven did not entitle the plaintiff to sustain a verdict based on the evidence, and therefore the case was properly dismissed. The plaintiff is a carpenter; the defendant, a domestic corporation who was about to start a business in breaking stones, and mining and selling sand, at Port Jefferson. The vice-president of the company was in negotiation with the plaintiff to go to Port Jefferson, and act for the company. The plaintiff and this officer of the defendant went there to look at the ground, and finally the question was reached, what would the plaintiff go there for? The plaintiff asked $5 per day. He was told that the company could not pay that now, but would give $75 per month, and some stock of the company, "and after three or four months then the company could pay wages." The plaintiff went on that basis. There was no mention of any amount of stock of the company which was to be given in addition to the $75 per month. No stock was ever given, and this action has no reference to a default in that particular. There was no binding agreement beyond the $75 per month. The words of the contract do not import any. There was no time when by force of the agreement a new rate of compensation would be due under it. The plaintiff worked under it for about a year, when his rate of compensation was raised to $100 a month. An application for an advance was made by plaintiff at the end of a little over five months, and none was made. There was no definite time as to the duration of the contract, and none beyond the $75 per month, subsequently raised to $100, as to the compensation which the plaintiff was to receive thereunder. Either party could terminate the contract at pleasure. When the plaintiff took his wages under it, there remained no liability upon defendant's part to pay a greater sum than was paid to the plaintiff. The action was properly dismissed, and the exception should be overruled, and the defendant have judgment upon the ruling at the circuit, with the costs of this appeal.